UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at LONDON)

| | |
|---|---|
| KENNETH ROSS, | |
|     Plaintiff, | Civil Action No. 6: 22-CV-228-CHB |
| v. | |
| SHARON ROSS, ET AL., | **MEMORANDUM OPINION AND ORDER** |
|     Defendants. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Kenneth Ross, a resident of North Bend, Ohio, filed a *pro se* complaint with this Court. [R. 1]. Ross states that the primary purpose of his pleading is to clear title to certain real property located in McCreary County, Kentucky. *Id.* at 4. Several of the named defendants responded to Ross's complaint by moving to dismiss his pleading for lack of subject matter jurisdiction. [R. 7; R. 9]. Ross then filed multiple responses in opposition to those motions [R. 10; R. 11], and some of the defendants filed a reply brief, [R. 12]. Thus, the matter is ripe for a decision.

The Court will dismiss Ross's complaint for lack of subject matter jurisdiction. This Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Ross's complaint does not contain a federal claim against any defendant. To be sure, Ross briefly says in his complaint that "[t]his Court has jurisdiction pursuant to Title 28 of the United States Code" [R. 1 at 3], but this passing reference to an entire title of the United States Code certainly does not establish federal jurisdiction vis-à-vis Ross's property claim. *See also Am. Fed'n of Television and Radio Artists, AFL-CIO v. WJBK-TV*, 164 F.3d 1004, 1007 (6th Cir. 1999) (explaining that even a citation to a specific federal statute does not itself establish federal question jurisdiction).

There is also plainly no diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Ross's complaint alleges that he and several of the defendants are all citizens of the state of Ohio; thus, there is not complete diversity of citizenship, as required to establish subject matter jurisdiction. *See Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).

In sum, because the Court does not observe a conceivable basis for jurisdiction in this case, it must dismiss. And while Ross briefly requests leave to amend his complaint, *see* [R. 11, p. 2], he has not filed a proposed amended complaint or otherwise articulated how his suggested amended pleading would cure the jurisdiction-related problem in this case.

Accordingly, it is **ORDERED** that:

1. The defendants' motions to dismiss for lack of subject matter jurisdiction [**R. 7; R. 9**] are **GRANTED**.

2. Ross's complaint [**R. 1**] is **DISMISSED WITHOUT PREJUDICE** to his right to file his complaint in a court with subject matter jurisdiction.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This 13th day of February, 2023.

*[Signature: Claria Horn Boom]*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY